## THE MEDUSA.[1]

## THE M. E. STAPLES.

### FLANNERY v. THE MEDUSA.

### CENTER v. THE M. E. STAPLES.

*(District Court, E. D. New York. May 22, 1891.)*

COLLISION—STEAM AND SAIL—PLEASURE YACHT—DUTY OF STEAM-VESSEL.
    A steam-vessel is under the same obligation to avoid a sailing yacht as any other vessel under sail.

In Admiralty. Suit to recover damages caused by collision.
*Hyland & Zabriskie*, for the M. E. Staples.
*Julian B. Shope*, for the Medusa.

BENEDICT, J. At the time of the collision which gave rise to this action the sloop yacht Medusa and the tug M. E. Staples were proceeding down the New York bay above the Narrows, on crossing courses. The yacht, being a sailing vessel, had the right to hold her course, and it was the

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

duty of the tug, being a vessel under steam, to avoid her. Both vessels held their courses until collision was imminent, indeed inevitable, without prompt action on the part of the tug. The liability of the tug for the collision is plain, and it is equally plain that the yacht was guilty of no fault. The collision is easily explained by circumstances proved, which go to show that the tug acted upon the idea that because the tug was a vessel engaged in business, while the Medusa was a pleasure yacht, and able to change her course easily, it was the duty of the yacht to give way for the tug. This was a mistaken idea on the part of the tug. Pleasure yachts, while subject to, are also entitled to act upon, the rules of navigation. There was nothing in the situation of these vessels to create an exception to the ordinary rule of navigation by which it is made the duty of a steam-vessel to avoid a vessel under sail. The tug had a single boat in tow on a hawser 100 feet long. She could, by stopping, have given the yacht room to pass without collision. She could by a slight change of her helm have removed all danger of collision. She was in possession of the power to avoid approaching vessels, and that is the basis of the rule of navigation, and I discover nothing in the proofs upon which to pass a decision that she was relieved from the rule. Therefore, by the navigation rules, the yacht had the right to hold her course, and it was the duty of the steam-vessel to avoid her, and this duty was in no way modified by the fact that the vessel she was approaching was a pleasure yacht, able to alter her course without much trouble or loss. The libel of the owner of the tug is therefore dismissed, with costs, and, in the case of the owner of the yacht, a decree will be entered in favor of the libelant, with an order of reference to ascertain the amount of the damage.